UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. MILLER,<br><br>　　　　　　Plaintiff,<br>v.<br>MERRICK B. GARLAND, et al.,<br>　　　　　　Defendants. | Civ. Act. No: 1:22-cv-02579-CKK |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff requests leave of this Court to conduct expedited discovery to gather information to oppose Defendants' *Motion to Dismiss* ("*MTD*"), ECF 11, which alleges lack of jurisdiction and failure to state a claim upon which relief may be granted. In a meeting and conference, Defendants stated they will oppose expedited discovery. For the reasons set forth below, expedited discovery is essential to oppose the *MTD* because it seeks facts known only to Defendants and upon which Defendants move for dismissal.

**PROCEDURAL BACKGROUND**

On August 26, 2022, Plaintiff timely filed a *Verified Complaint*, ECF 1, challenging agency final rule *Definition of 'Frame or Receiver' and Identification of Firearms*, RIN 1140-AA54 (the "Rule"), under the Administrative Procedure Act, 5 U.S.C. §701 et seq. The *Complaint* also challenged the regulation of firearm silencers by the National Firearms Act ("NFA") and the Rule.

On September 19, 2022, Plaintiff timely filed a *First Amended Complaint* ("*FAC*"), ECF 7, in due course pursuant to Rule 15(a)(1)(A), sharpening his pleadings with respect to standing, adding facts supporting his right to relief, and adding challenges to the constitutionality of the NFA's taxation and regulation of short-barreled rifles, short-barreled shotguns, and firearm

1

silencers and silencer parts, in the newfound light of *New York State Rifle and Pistol Association v. Bruen,* __ U.S. __, Case No. 20-843, slip op. (June 23, 2022) (hereinafter "*Bruen*").

Plaintiff sought and received Defendants' consent to further amend his complaint to challenge NFA's taxation and regulation of "any other weapons." *Second Amended Complaint* ("*SAC*"), ECF 10. This Court granted the motion, setting a briefing schedule for Defendants' response no later than December 15, 2022 and Plaintiff's reply, if necessary, on January 12, 2023. *SAC* added facts demonstrating bearable short-barreled arms and disguised weapons that would have been regulated by NFA were in common use at the Founding and long thereafter. *SAC* added facts from NFA hearings demonstrating the illicit intent of Congress in enacting the NFA to avoid Second Amendment protections and to exercise unconstitutional police powers.

A month earlier than expected, Defendants filed *MTD* on November 14, 2022.

## **LEGAL STANDARDS**

Judges have broad discretion to tailor discovery and to dictate the sequence of discovery. *Watts v. Sec. Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)); *Arista Records LLC v. John Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008).

Under Rule 26(d)(1), a party may not seek discovery before the Rule 26(f) conference except "in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." When considering whether to permit expedited discovery, courts in this jurisdiction typically apply a "reasonableness" test. See *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014). Under the reasonableness test, the court considers the request in light of the circumstances of the litigation as a whole, the timing, breadth, and purpose of the discovery; and the burden on the responding party. *Id*. at 98.

As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to jurisdictional matters. *Edmond v. U.S. Postal Service General Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991). In *Angelo, et al. v. District of Columbia, et al.,* 1:22-cv-01878-RDM (D.D.C.), in which Plaintiff is a plaintiff and Defendant Garland has stated an interest in the case supporting defendants, defendants requested and received leave to conduct expedited discovery to challenge Plaintiff's standing to sue in the case and irreparable harm. See *Id.,* Dkt. 12, 27; *Minute Order 07/21/2022*.

A court may consider materials outside the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction, or subject matter jurisdiction. *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), cited in *Law Office of Azita Mojarad v. Aguirre*, Civil Action No. 05-0038 (CKK), at *5 (D.D.C. Mar. 27, 2006).

## **ARGUMENT**

Without admitting Plaintiff's *SAC* failed to sufficiently plead jurisdiction or failed to state a claim upon which relief may be granted, Plaintiff seeks narrowly targeted, expedited discovery to directly address certain alleged pleading deficiencies and other defenses Defendants raised in their *MTD*. Plaintiff's requests are reasonable since *MTD* relies on the absence of factual allegations for which Plaintiff has no personal knowledge. Defendants' discovery responses are materials outside the pleadings this Court may fairly consider. *Vanover*, supra. Plaintiff's requests are narrowly tailored and directly targeted to address jurisdictional and pleading concerns raised in *MTD*, which Plaintiff believes were nonetheless properly pleaded or subject to judicial notice. But precise responses from Defendants will remove all doubt and benefit this Court in making a proper decision on the *MTD*.

Defendants challenge that Plaintiff has no personal stake in the outcome of this case that justifies the exercise of this Court's remedial powers. *MTD* at 4. Defendants claim Plaintiff has not demonstrated a substantial probability of future injury to support a pre-enforcement challenge. *Id.* Discovery will show Plaintiff does face a highly likely, imminent threat of being subjected to criminal penalties if he violates the NFA's provisions or the Rule, thus giving him standing for a pre-enforcement challenge. See *N.Y. State Rifle & Pistol Ass'n. v. City of New York*, 140 S. Ct. 1525 (2020) (finding no lack of standing for a pre-enforcement challenge of a law preventing transportation of firearms where plaintiffs were not singled out for enforcement). See also *Navegar, Incorporated v. United States*, 103 F.3d 994, 1000—1001 (D.C. Cir. 1997).

Defendants' *MTD* claims it is still permissible to make firearm silencers from solvent traps, while in the same breath asserting possession of solvent traps without an approved tax stamp would be illegal. *Id*. at 8. Defendants point only to legal assertions within the instant Rule, and *sub silentio* reliance on *Chevron Deference* to interpret the Gun Control Act, as evidence unfinished silencers and parts are regulated, a matter expressly under review in the *SAC* ¶¶ 439, 483—506, 515. Discovery will have Defendants clarify these seemingly contradictory assertions and seek communications Defendants have had with the public (including issued legal opinions or determinations, agency rules, and prior court pleadings) regarding its legal positions on regulation of solvent traps and other unfinished firearm silencers and parts.

Defendants assert Plaintiff's suit is barred by the Anti-Injunction Act (AIA), 26 U.S.C. §7421, because the NFA tax is a revenue measure. *MTD* at 10. As pleaded in the *SAC*, and as discovery will reveal, the NFA tax is nothing but an end-run around the Second Amendment, it was never intended to obtain any appreciable net revenue, and in fact Defendants *lose* money because the costs of collecting, administering, and enforcing the NFA far exceed the tax revenue

gained. This is unlike any other tax envisioned by the AIA to protect revenue streams supporting federal government operations. Plaintiff concedes that *some* other excise taxes may have remedial nonpecuniary effects within specified and implied Congressional powers, and minimally covering the costs of collection and enforcement (or even net negative revenues) may be valid. But any purported nonpecuniary benefits of the NFA tax, such as reducing crime or catching criminals, expose the NFA for what it is: an unconstitutional restriction on firearm ownership and an *ultra vires* exercise of police powers by Congress.

*MTD* argues the NFA "has survived numerous constitutional challenges over its 88-year history," without citing a single case. To the extent any prior cases have upheld this tax, this *SAC* seeks to reverse, extend, or modify existing law or to make new law given the newfound precedent in *Bruen*. Plaintiff's requested discovery asks Defendants to identify specific cases upholding the NFA tax upon which it will rely, so Plaintiff can adequately respond in his opposition.[1]

Defendants claim Plaintiff failed to plead he is at imminent risk of criminal prosecution if he violates any of the provisions of the Rule and NFA challenged here. *Id.* at 11. Discovery will show Plaintiff would be violating the Rule and NFA if he possesses a solvent trap with the intention to make a silencer, or makes an NFA regulated firearm without paying the excise tax, providing a photograph and fingerprints, and receiving an approved application to make such a firearm. Discovery will force Defendants to admit they have a special law enforcement priority of enforcing these criminal provisions, and they will do so if they become aware Plaintiff violated these provisions. See *MTD* at 11; *Parker v. Dist. of Columbia*, 478 F.3d 370, 375 (D.C. Cir. 2007).

---

[1] By receiving Defendants' responses to discovery, Plaintiff does not waive any objection that Defendants have raised arguments for the first time in their reply brief.

Defendants claim Plaintiff failed to exhaust administrative remedies by not applying for a tax refund before proceeding to district court to challenge the NFA tax. *MTD* at 15, n. 6. Futility of administrative exhaustion is a well-established exception to exhaustion requirements. *Communications Workers of America v. AT&T*, 40 F.3d 426 (D.C. Cir. 1994); *Rann v. Chao*, 154 F. Supp. 2d 61, 65 (D.D.C. 2001). Requested discovery will demonstrate there are no circumstances predicated on Plaintiff's claim the NFA tax is unconstitutional under which Defendants or the Internal Revenue Service would provide Plaintiff a refund of the $9,800 he has paid in NFA taxes, nor will they process any future applications to make or transfer an NFA regulated firearm if Plaintiff refuses to pay the tax while alleging it is unconstitutional. Discovery will show Defendants have denied previous refund claims or denied applications to make NFA regulated firearms when such claims or applications were predicated on unconstitutionality of the NFA tax. Discovery will show Defendants lack, or believe they lack, jurisdiction to act upon any dispute over the constitutionality of the NFA. See *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986), citing *Weinberger v. Wiesenfeld*, 420 U.S. 636, 642 n.8 (1975). Discovery will show Defendants have articulated a very clear position that the NFA tax is constitutional. *Randolph-Sheppard* at 105. Defendants must admit in discovery that Defendants would vigorously defend against a claim under 26 U.S.C. §7422 by arguing the NFA tax survives constitutional scrutiny.[2]

---

[2] Plaintiff's pleadings unambiguously challenged the constitutionality of the NFA tax, and it was unnecessary for him to specifically invoke 26 U.S.C. §7422. "Under the generous standard for notice pleading under Federal Rule of Civil Procedure 8, the court may not dismiss a claim simply because the complaint fails to cite the correct statute. *Rahman v. Johanns*, 501 F.Supp.2d 8, 17 (D.D.C.2007)" *Bolden v. Clinton*, 847 F. Supp. 2d 28, 33 n.2 (D.D.C. 2012). "Where some legitimate claim for relief lies, a court should not grant a motion to dismiss a *pro se* litigant's complaint for failure to state a claim." *Lewis v. Mauskopf*, Civil Action 22-0189 (CKK), at *4 (D.D.C. Nov. 7, 2022).

## EFFECTS ON CASE TIMELINE

Plaintiff suggests a fourteen-day deadline for Defendants to respond to requested discovery, and that any objections to specific discovery requests be included in any opposition to this motion. If Defendants timely oppose this motion within fourteen days by December 1, 2022, Plaintiff replies within seven days by December 8, 2022, this Court takes two weeks to decide the motion on or before December 22, 2022, and Defendants respond to discovery no later than fourteen days on January 5, 2023, Plaintiff will have one week to incorporate Defendants' responses into his opposition before the current January 12, 2023 deadline. Thus, this motion when fully briefed, granted, and complied with will not delay disposition of this case at all.

## BURDEN ON OR PREJUDICE TO DEFENDANTS

As shown in the proposed discovery requests, Plaintiff seeks responses to eighteen admissions, six interrogatories, and five document requests. Plaintiff does not believe any of the requests for admission will require substantial effort for Defendants. Only two of Plaintiff's interrogatories would require Defendants to undertake any significant effort to obtain information; these requests simply ask Defendants to identify cases in which they prosecuted or assisted in the prosecution of people for charges similar to what could happen to Plaintiff if he did not pay the making or transfer tax or possessed a solvent trap, and to identify cases upholding the constitutionality of the NFA tax. Plaintiff's requests for documents seek fifteen years of readily-available budget information and a limited number of communications with the public about Defendants' legal determinations regarding NFA regulated items.[3] Thus, Defendants will not be unduly burdened by these requests.

---

[3] A minimum of fifteen years of data is necessary because there has been substantial growth in NFA applications within the past ten years. Defendants' defenses could be bolstered by misleading recent and temporary economies of scale that were not present during the previous 73 years of

Defendants will not be prejudiced by the granting of this motion. Even if Defendants respond to these discovery requests, Defendants do not forfeit any valid defenses they have raised.

**FURTHER AMENDMENT OF OR SUPPLEMENT TO THE COMPLAINT**

Even if Defendants are correct that Plaintiff failed to make certain factual pleadings to support jurisdiction and his right to relief, all of the purported deficiencies Defendants identified are easily correctable by amendment or supplementation of the pleadings. While amendments to a complaint are not unlimited, this Court may, on just terms, permit supplementation of the pleadings even though the original pleading is defective in stating a claim or defense. F.R.C.P. 15(d). Defendants responses to discovery will supply the facts for a supplemental or amended pleading. Courts should freely give leave to file an amended complaint when justice so requires. F.R.C.P. 15(a)(2). It is an abuse of discretion for courts to deny leave to amend or supplement without providing a sufficiently compelling reason. See *Easter v. District of Columbia*, 128 F. Supp. 3d 173, 177 (D.D.C. 2015)" *Williams v. Perdue*, No. 1:19-cv-02072 (TNM), at *5 (D.D.C. Apr. 16, 2020). Further amendment or supplementation would not be due to Plaintiff's "undue delay, bad faith or dilatory motive…repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id*. Defendants' *MTD* was the first instance where Plaintiff was put on notice of purported pleading deficiencies.

---

NFA administration. Defendants have in their recent budget requests sought additional funding from Congress for employees and resources to meet rapidly rising consumer demand for NFA regulated firearms, thus those necessary costs may not be reflected in current budgets. Consumers have born these costs through lengthy delays in NFA application processing times.

See https://www.justice.gov/jmd/page/file/1399371/download at pp. 13—14, 30.

**CONCLUSION**

This Court should grant the motion to seek limited, expedited discovery because it is narrowly targeted, reasonable, and necessary to respond to Defendants' *Motion to Dismiss*. Such discovery will be of minimal burden on Defendants and will not materially affect the timing of the disposition of this case.

EXECUTED November 17, 2022.

-s- *Robert M. Miller*
Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com