# EXHIBIT 1

## PROPOSED DISCOVERY REQUESTS

### Requests for Admissions

RFA 1.   Admit Defendants will enforce the provisions of the National Firearms Act (NFA), including criminal charges, if they became aware Plaintiff has made his own short-barreled rifle, short-barreled shotgun, any other weapon, or firearm silencer without payment of the $200 tax and having an approved ATF Form 5320.1 (a.k.a. ATF Form 1) with a tax stamp.

RFA 2.   Admit that in the past fifteen years, the United States government received less in National Firearms Act tax revenues than its expenses paid to collect such taxes.

RFA 3.   Admit that in the past fifteen years, the United States government received less in National Firearms Act tax revenues than its expenses paid to collect such taxes plus expenses paid to enforce the provisions of the National Firearms Act.

RFA 4.   Admit there are no circumstances under current law by which Defendants would refund the $9,800 in National Firearms Act taxes Plaintiff paid to make or transfer short-barreled rifles, short-barreled shotguns, and firearms suppressors, predicated on the unconstitutionality of the NFA tax, while allowing Plaintiff to retain such weapons.

RFA 5.   Admit that if Defendants knew Plaintiff currently possessed a solvent trap or other unfinished silencer or silencer parts, Defendants could prosecute or assist in prosecuting Plaintiff for violating the National Firearms Act.

RFA 6.   Admit Defendants have prosecuted or assisted in the prosecution of people for making or possessing solvent traps or other unfinished silencers or silencer parts for violating the National Firearms Act.

RFA 7.   Admit Defendants have disapproved applications to make firearm silencers (ATF Form 1) and refunded NFA taxes paid by persons intending to make firearm silencers from solvent traps or other unfinished silencer or silencer parts solely because the applicant proposed to complete a silencer from a solvent trap or other unfinished silencer or silencer parts.

RFA 8.   Admit Defendants place special law enforcement priority on preventing and punishing the unlawful making, transfer or possession of short-barreled rifles, short-barreled shotguns, any other weapons, and firearm silencers for failure to pay the $200 NFA making or transfer tax and/or without an approved ATF Form 1 or Form 4 with a tax stamp.

RFA 9.   Admit Defendants would, in any case raised in federal court under 26 U.S.C. §7422, take the position that NFA taxes are constitutional.

RFA 10. Admit Defendants or the Internal Revenue Service have denied claims for refund of NFA taxes paid when claimants have alleged the National Firearms Act is unconstitutional.

RFA 11. Admit Defendants have denied applications to make NFA regulated firearms without payment of the NFA tax, when the maker alleged the NFA tax is unconstitutional.

RFA 12. Admit Defendants lack, or believe they lack, jurisdiction to act themselves upon any dispute over the constitutionality of the NFA tax by a current or prospective owner of NFA regulated firearms.

RFA 13. Admit Defendants and/or the Internal Revenue Service will deny Plaintiff's claim for refund of NFA taxes he paid if his claim is predicated on the unconstitutionality of the NFA.

RFA 14. Admit Defendants' Electronic Application to Make and Register a Firearm will not accept and process any application for which the applicant does not pay the NFA tax, and that the e-form provides no mechanism for the applicant to dispute the constitutionality of the NFA tax.

RFA 15. Admit Defendants have articulated a very clear position that NFA taxes are constitutional.

RFA 16. Admit Defendants would deny any application by Plaintiff to make or transfer an NFA regulated firearm without paying the $200 excise tax if Plaintiff alleges the NFA tax is unconstitutional.

RFA 17. Admit that, under the Rule, Plaintiff will have no option to have any privately made firearms (PMF) cerakoted or repaired by a federal firearms licensee (FFL) without having his PMF marked with a serial number and recorded by the FFL.

RFA 18. Admit Defendants could obtain information to identify Plaintiff as the owner of a PMF if his PMF is marked with a serial number and recorded by an FFL before or after cerakoting or repair work.

## Interrogatories

INT 1. For every request for admission (RFA) Defendants have denied, state the basis for the denial.

INT 2. Describe all circumstances under current law by which Defendants would refund the $9,800 in National Firearms Act taxes Plaintiff paid to make or transfer short-barreled rifles, short-barreled shotguns, and firearms suppressors while allowing Plaintiff to retain possession of such weapons in their regulated state, configuration, or condition.

INT 3. Identify all criminal or civil cases in which Defendants prosecuted persons for possession, making, or manufacturing solvent traps or other unfinished silencers or silencer parts.

INT 4. Cite all legal authorities supporting your contention in the *Motion to Dismiss* that the NFA tax is constitutional.

INT 5. State the bases why Defendants have disapproved applications to make firearm suppressors (ATF Form 1 or e-Form 1) and refunded NFA taxes for persons intending to make firearm silencers from solvent traps or other unfinished silencers or silencer parts, other than applications by prohibited persons, failure to provide legible fingerprints or photographs, state or local prohibitions, invalid trusts, or for erroneous, incomplete, or unsigned applications.

INT 6. Describe processes by which a person could legally make a firearm suppressor from a solvent trap or other unfinished silencer or silencer parts without either the manufacturer or the prospective maker violating the NFA by possessing or manufacturing the solvent trap or other unfinished silencer or silencer parts.

## Document Requests

DOC REQ 1. Produce any documents supporting your responses to the requests for admission and interrogatories above.

DOC REQ 2. Produce all documents for each of the past fifteen years showing the amount of tax revenues received by the U.S. government from the provisions of the National Firearms Act of 1934.

DOC REQ 3. Produce all documents for each of the past fifteen years showing all expenditures by the U.S. government to administer and collect National Firearm Act tax revenues, including but not limited to the amount of salaries, benefits, payroll taxes, other costs of employment, materials, equipment, communications, energy, rentals or leasing, contractors, software and software development, and the annual capitalized costs of facilities, vehicles, and other durable assets.

DOC REQ 4. Produce all documents for each of the past fifteen years showing all expenditures by the U.S. government for the enforcement of the provisions of the National Firearms Act, including but not limited to federal law enforcement officers and management, legal counsel and other legal personnel, and administrative staff.

DOC REQ 5. Produce all communications to the public; including but not limited to communications to manufacturers, consumers, courts, and in the federal register; stating Defendants' legal opinions or contentions that solvent traps or other unfinished silencers or silencer parts are regulated under the National Firearms Act.