**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROBERT M. MILLER,** | ) | |
| | ) | **Civil Action No. 1:22-cv-02579-CKK** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MERRICK GARLAND, Attorney General of** | ) | |
| **the United States, in his official capacity _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' BRIEF IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY</u>**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 1

ARGUMENT ................................................................................................................. 3

I.    The Federal Rules of Civil Procedure and This Court's Local Rules Generally
      Prohibit Discovery Before a Rule 26(f) Conference Absent a Court Order. .......... 4

II.   Plaintiff Has Failed to Demonstrate That Expedited Discovery Is Warranted
      Here. ....................................................................................................................... 5

      A.    No Request for Emergency Injunctive Relief Is Pending. ......................... 5

      B.    Jurisdictional Discovery Is Not Appropriate Because Defendants
            Only Facially Attack the Court's Jurisdiction, and Because in Any
            Event, the Requested Discovery Would Not Alter the Jurisdictional
            Analysis. .................................................................................................... 6

      C.    Independently, Plaintiff's Proposed Discovery Requests Are
            Inappropriate Because They Are Extremely Broad in Scope. .................. 14

      D.    The Burden of Complying With the Proposed Discovery Requests
            Would Be Very Heavy. .............................................................................. 16

      E.    Plaintiff Seeks Expedited Discovery Far in Advance of the Typical
            Discovery Process, and During the Pendency of a Motion to Dismiss. ... 18

III.  The Court Should Deny Plaintiff's Alternative Request for Leave to Amend
      for Failure to Comply With the Court's Rules Regarding Amendment to
      Pleadings. ................................................................................................................ 19

CONCLUSION ............................................................................................................. 20

## INTRODUCTION

Defendants have moved to dismiss the complaint in this case for lack of subject matter jurisdiction, but have only made a facial attack to the Court's jurisdiction, rather than challenging the factual basis of the complaint.  Specifically, Defendants have moved to dismiss for lack of standing, because a statute divests the Court of jurisdiction to entertain certain of Plaintiff's claims, and because Plaintiff fails to identify a valid waiver of federal sovereign immunity for the remaining claims.  The resolution of these issues involves pure issues of law.  Despite this, Plaintiff has moved for leave to propound twenty-nine broad discovery requests on Defendants that Plaintiff claims he needs to respond to Defendants' Rule 12(b)(1) motion: eighteen requests for admissions, six interrogatories, and five requests for production of documents.  Because the time has not arrived for the parties to meet and confer under Federal Rule of Civil Procedure 26(f), Plaintiff's request is premature.  Nor, in any event, would discovery be appropriate here because none of the discovery sought by Plaintiff would alter the Court's analysis in resolving Defendants' facial Rule 12(b)(1) motion.  Finally, Plaintiff's request in the alternative for leave to amend his complaint for the third time should be denied because Plaintiff has failed to comply with the Court's Local Rules regarding the amendment of pleadings.  The Court should therefore deny Plaintiff's motion for expedited discovery.

## BACKGROUND

The plaintiff in this case is a serial *pro se* litigant against the federal government, who now challenges federal firearms regulation and legislation.  In a complaint more than 500 paragraphs in length, Plaintiff challenges a rule that the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) recently promulgated to update the definition of "firearms" subject to the Gun Control Act (GCA).  Plaintiff also challenges the National Firearms Act of 1934, 26 U.S.C. §§ 5801-5872

(NFA).  The complaint asserts claims under the Administrative Procedure Act, 5 U.S.C. § 551 et seq. (APA), the Second and Ninth Amendments to the U.S. Constitution, and "common law rights."  Second Am. Compl. ¶¶ 413-506 (Doc. No. 10).  Plaintiff filed suit on August 26, 2022 (Doc. No. 1), and has already amended his complaint twice (Doc. Nos. 7, 10).

Defendants have moved to dismiss the second amended complaint for lack of subject matter jurisdiction.  Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. (Doc. No. 11) (MTD).  In their motion to dismiss, Defendants have explained that Plaintiff lacks standing to challenge the Rule, *id*. at 5-9, and that the Court lacks jurisdiction over Plaintiff's NFA claims, *id*. at 10-15.  The motion constitutes a "facial attack" on the Court's subject matter jurisdiction, rather than a "factual attack."  *See generally id*.

As Defendants' motion shows, Plaintiff lacks standing to challenge the Rule because he fails to allege injury in fact.  More specifically, Plaintiff does not contend either that the Rule prevents him from acquiring any product he might wish to acquire or that he intends to engage in any conduct that would violate the Rule.  *Id*. at 5-7.  Nor does Plaintiff's assertion that the Rule might result in some of his privately made firearms someday being marked with a serial number constitute an actual and imminent injury sufficient to demonstrate standing.  *Id*. at 7-8. Additionally, Plaintiff fails to establish standing to challenge the Rule based on his contention that he voluntarily chose to destroy a so-called "solvent trap"—a device intended for use in fabricating firearm silencers—because any resulting alleged harm is self-inflicted, and because Plaintiff cannot contend that this voluntary destruction was due to fear of incurring criminal liability under the Rule, as nothing in the Rule changes the legal status of solvent traps under preexisting law.  *Id*. at 8-9.

Furthermore, as Defendants' motion makes clear, the Court lacks subject matter jurisdiction over Plaintiff's challenges to the NFA. *Id*. at 10-15. Plaintiff lacks standing to challenge any regulation in the NFA other than its transfer tax because he does not allege that any other regulation has caused or will cause him any harm. *Id*. at 10. To the extent that Plaintiff raises the fear of future criminal prosecution as a basis for standing, he fails to satisfy the requirements for a pre-enforcement challenge to a criminal statute. *Id*. at 11-12. Moreover, the Court lacks jurisdiction over Plaintiff's challenge to the NFA's transfer tax because the Anti-Injunction Act bars any claims for prospective relief, and because Plaintiff fails to identify a valid waiver of federal sovereign immunity for retrospective relief. *Id*. at 12-15.

Rather than responding to Defendants' motion to dismiss, Plaintiff has moved for leave to take expedited discovery. Mot. for Expedited Discovery (Doc. No. 12) (Mot.).[1]

## ARGUMENT

Both the Federal Rules of Civil Procedure and this Court's Local Rules bar litigants from seeking discovery before the parties have conducted a Rule 26(f) conference, absent a court order. Such an order would not be appropriate here because Defendants' Rule 12(b)(1) motion facially attacks the sufficiency of the complaint, and does not challenge the complaint's factual basis. In any event, Plaintiff has failed to show that the discovery he seeks could alter the Court's adjudication of Defendants' Rule 12(b)(1) motion. Finally, the Court should deny Plaintiff leave to amend or supplement his complaint because he has failed to comply with the Court's Local Rules regarding the amendment and supplementation of pleadings.

---

[1] Plaintiff's response to Defendants' motion to dismiss is due January 12, 2023. *See* Minute Order (Nov. 28, 2022).

I.    **The Federal Rules of Civil Procedure and This Court's Local Rules Generally Prohibit Discovery Before a Rule 26(f) Conference Absent a Court Order.**

Both the Federal Rules of Civil Procedure and the Local Rules of this Court reflect an understanding that, absent unusual circumstances not present here, discovery should not proceed before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). The Federal Rules provide that "[a] party *may not* seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). Similarly, this Court's Local Rules mandate that "[e]xcept in categories of proceedings exempted from initial disclosure . . . , or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any sources before the parties have conferred as required by Fed. R. Civ. P. 26(f)." Local Civ. R. 26.2(a).

Plaintiff's request for expedited discovery thus "arrives before this Court has held an initial scheduling conference with the parties pursuant to Federal Rule of Civil Procedure 16(b) and discussed the parameters of discovery." *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 101 (D.D.C. 2018). "Generally such expedited discovery is not permissible, though the Court may grant an exception." *Id*. at 102. "The decision *not* to permit expedited discovery is, of course, also squarely within the Court's broad discretion." *Id*. However, as explained below, Plaintiff has failed to justify an exception to the general prohibition of discovery prior to the parties' Rule 26(f) conference.

Moreover, the Court's Local Rules establish that civil cases in which "defendants have not yet answered" are exempt from "[t]he requirements of" Rule 26(f). Local Civ. R. 16.3(b). Therefore, in this District, when a motion to dismiss is pending—and therefore the defendants have not yet answered—the defendants are not required to participate in a Rule 26(f) conference,

4

and accordingly are not required to participate in discovery. The Local Rules establish the sensible general rule that discovery should not proceed when a motion to dismiss is pending that could dispose of the case. *See Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing the "eminently logical" principle that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (citation omitted).

## II.   Plaintiff Has Failed to Demonstrate That Expedited Discovery Is Warranted Here.

In determining whether to grant an exception to the general rule that "expedited discovery is not permissible," the Court applies a "reasonableness test" that is "consistent with the good cause standard for issuing a protective order, an arguably analogous context." *Dunlap*, 319 F. Supp. 3d at 101, 104 (citation omitted). This test includes an examination of the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id*. at 104 (citations omitted). "Courts are not limited to these factors but instead are empowered to employ them as guidelines for the exercise of the Court's discretion." *Pinson v. U.S. Dep't of Justice*, No. 18-486, 2021 WL 3418954, at *4 (D.D.C. Aug. 5, 2021) (citation and internal quotation marks omitted). Because all of these factors weigh against allowing an exception to the general rule barring discovery before the parties' Rule 26(f) conference, the Court should deny Plaintiff's motion for expedited discovery.

### A.   No Request for Emergency Injunctive Relief Is Pending.

Because of the expedited nature of injunctive proceedings, expedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction. *Ellsworth Assocs.,*

*Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).  However, Plaintiff has not moved for a preliminary injunction, nor would such a motion be warranted in any event.  Plaintiff thus cannot contend that expedited discovery is warranted in order to justify a request for emergency injunctive relief.  This factor therefore weighs against Plaintiff.[2]

> **B.**   **Jurisdictional Discovery Is Not Appropriate Because Defendants Only Facially Attack the Court's Jurisdiction, and Because in Any Event, the Requested Discovery Would Not Alter the Jurisdictional Analysis.**

Courts consider carefully a litigant's purported reasons for seeking expedited discovery. *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) ("In considering whether good cause exists to grant a motion for expedited discovery, the Court also assesses the purpose of the motion."); *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) (noting that courts should consider "the purpose for requesting the expedited discovery") (citation omitted). "In general, decisions whether to grant or deny leave for early discovery depend on the specific justifications offered in support of the application."  8A Wright & Miller, *Federal Practice and Procedure* § 2046.1, at 290-91 (3d ed. 2010) (footnotes omitted).

Plaintiff's asserted purpose for obtaining expedited discovery is "to oppose Defendants' Motion to Dismiss" that Plaintiff contends "alleges lack of jurisdiction and failure to state a claim upon which relief can be granted."  Mot. at 1; *cf. id*. at 3.  Plaintiff's contention is incorrect. Defendants have *not* moved for failure to state a claim; instead, they have moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  Therefore, Plaintiff may not seek discovery aimed at addressing "alleged pleading deficiencies" not related to subject matter jurisdiction.  *Id*. at 3.

---

[2] Nor may Plaintiff mount a *post hoc* attempt to change this calculus after the fact, in the event that he were to belatedly decide to seek a preliminary injunction after the filing of this opposition brief and more than three months after the filing of his initial complaint.

Furthermore, Defendants' motion is a facial attack on the Court's jurisdiction, rather than a factual attack. This distinction is crucial. "When a defendant brings a challenge to the actual complaint itself, without relying on matters outside the pleadings, the motion to dismiss is a 'facial challenge' to a complaint, because a district court is not asked to review documents outside the pleadings." *Macharia v. United States*, 238 F. Supp. 2d 13, 19 (D.D.C. 2002) (citations omitted), *aff'd*, 334 F.3d 61 (D.C. Cir. 2003). By contrast, "a 'factual challenge' attacks the existence of subject matter jurisdiction by looking beyond the pleadings and places the burden on the plaintiff to prove that facts exist that establish a court's jurisdiction." *Id*. (citation omitted). It is only where a defendant makes a factual challenge to jurisdiction that "a court is required to look beyond the pleadings and to inquire into facts that are pertinent to the determination of whether it has subject matter jurisdiction." *Id*. (citation omitted). Accordingly, it is only "[f]or this latter type of challenge" that a plaintiff "must 'be given an opportunity for discovery of facts necessary to establish jurisdiction.'" *Smith v. United States*, 518 F. Supp. 2d 139, 145 (D.D.C. 2007) (quoting *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001)); *see also Food & Water Watch v. Trump*, 357 F. Supp. 3d 1, 9 (D.D.C. 2018) ("Where a defendant's motion to dismiss attacks the factual basis of the court's jurisdiction, jurisdictional discovery is appropriate to assist the Court in resolving issues of fact relevant to standing.") (citation and internal quotation marks omitted).

Defendants' motion to dismiss does not challenge the factual basis of the Court's subject matter jurisdiction. Instead, it challenges the sufficiency of the complaint itself—together with "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies[,]" *Thomas v. Pompeo*, 438 F. Supp. 3d 35, 40 (D.D.C. 2020) (citation omitted)—without relying on matters outside of the pleadings.

7

Consequently, discovery is not necessary for Plaintiff to respond to Defendants' facial challenge, because in adjudicating that challenge, the Court need not look beyond the complaint itself.

In any event, even if jurisdictional discovery could ever be appropriate in adjudicating a facial challenge to jurisdiction, it would not be appropriate here because Plaintiff fails to satisfy the requisite standard for obtaining jurisdictional discovery. "Whether to permit jurisdictional discovery rests in the discretion of the district court." *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 101 (D.D.C. 2008) (citation omitted). "A district court acts within its discretion to deny discovery when the plaintiff has failed to show that discovery would alter the jurisdictional analysis." *Wahid v. Gates*, 876 F. Supp. 2d 15, 21 (D.D.C. 2012) (quoting *Heroth v. Kingdom of Saudi Arabia*, 331 F. App'x. 1, 3 (D.C. Cir. 2009)); *see also Fawzi v. Al Jazeera Media Network*, 273 F. Supp. 3d 182, 188 (D.D.C. 2017) ("[A] request for jurisdictional discovery is properly denied when it is not directed at the defect in a plaintiff's case for jurisdiction.") (citation and internal quotation marks omitted). "Where there is no showing of how jurisdictional discovery would help plaintiff discover anything new, it is inappropriate to subject defendants to the burden and expense of discovery." *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 128 (D.D.C. 2018) (citation and internal quotation marks omitted), *aff'd on other grounds*, 952 F.3d 293 (D.C. Cir. 2020).

None of the five purported justifications presented by Plaintiff in seeking jurisdictional discovery would alter the Court's jurisdictional analysis. *See* Mot. at 4-6. First, Defendants have explained that, to the extent that the complaint raises a fear of future criminal prosecution under the NFA as a basis for Plaintiff's standing, Plaintiff fails to meet the requirements for a pre-enforcement challenge to a criminal statute. MTD at 11. More specifically, Plaintiff has failed to demonstrate a concrete intention to engage in specific conduct that could potentially expose him

to criminal liability under the NFA, but in any event, Plaintiff has failed to show that he has been "singled out or uniquely targeted by the . . . government for prosecution." *Ord v. Dist. of Columbia*, 587 F.3d 1136, 1140-41 (D.C. Cir. 2009) (citation omitted). Discovery would not assist Plaintiff in establishing pre-enforcement standing under either prong of this standard. Plaintiff is aware of any facts showing whether he plans to violate the NFA, and does not need discovery regarding his own planned actions. And the discovery requested by Plaintiff would not help him show that he has been "singled out or uniquely targeted by the . . . government for prosecution," *id.*, as required by Circuit precedent. At best, responses to the discovery sought by Plaintiff would show that the federal government enforces the NFA.[3] But such a showing would not satisfy this Circuit's requirements for demonstrating pre-enforcement standing. *See Seegars v. Gonzales*, 396 F.3d 1248, 1253 (D.C. Cir. 2005) (for a plaintiff to possess standing in a "preenforcement challenge[] to a criminal statute not burdening expressive rights and not in the form of appeal from an agency decision," there must be "more than a credible statement by the plaintiff of intent to commit violative acts and a conventional background expectation that the government will enforce the law"); *Ord*, 587 F.3d at 1141 (explaining that in *Parker v. Dist. of Columbia*, 478 F.3d 370, 375 (D.C. Cir. 2007), plaintiffs who "claimed only that (1) they wished to own prohibited firearms and (2) the District of Columbia had declared its intention to prosecute all violators" failed to plead pre-enforcement standing because the government's declaration "expressed no special priority for preventing *these* plaintiffs from violating the gun laws, or a particular interest in punishing *them* for having done so") (internal quotation marks omitted).[4]

---

[3] *See* Proposed Requests for Admissions 1, 5, 6-8; Interrogatories No. 3, 6; Request for Production of Documents 4.

[4] Plaintiff misplaces his reliance on *New York State Rifle & Pistol Association v. City of New York*, 140 S. Ct. 1525 (2020), and *Navegar, Inc. v. United States*, 103 F.3d 994 (D.C. Cir. 1997), in

Second, Defendants have shown in their motion to dismiss that Plaintiff fails to establish standing to challenge the Rule based on his allegation that he voluntarily chose to destroy a so-called "solvent trap"—a device intended for use in fabricating firearm silencers.  MTD at 8-9.  As Defendants have demonstrated, Plaintiff cannot contend that his voluntary choice to destroy his solvent trap was due to fear of incurring criminal liability under the Rule because nothing *in the Rule* changes the legal status of solvent traps under existing federal firearms law.  *Id*.  This demonstration involves a purely legal issue, based on the text of the relevant legal provisions.  *See id*.  Therefore, if Plaintiff wishes to contend that some portion of the Rule does change the legal status of solvent traps under existing federal law, he may do so based on the text of the Rule itself, but he does not need discovery to do so.  Despite this, Plaintiff has sought broad-ranging discovery not related to the Rule regarding solvent traps.[5]  But Plaintiff fails to show how discovery is warranted in addressing an issue that is purely legal in nature, turning on the text of two federal statutes and a regulation.  Because Plaintiff "has failed to show that discovery would alter the jurisdictional analysis" in this respect, his request should be denied.  *Wahid*, 876 F. Supp. 2d at 21 (citation omitted).

---

suggesting that discovery might help him establish pre-enforcement standing.  The first citation is to a *per curiam* opinion determining that the appellants' claims had been mooted, and does not involve any disputed issue of pre-enforcement standing.  And in *Navegar*, the D.C. Circuit held that plaintiffs challenging a federal law prohibiting weapons by general characteristics lacked pre-enforcement standing because such "generic portions of the [challenged law] could be enforced against a great number of weapon manufacturers or distributors, and although the government has demonstrated its interest in enforcing the [law] generally, nothing *in these portions* indicates any special priority placed upon preventing these parties from engaging in specified conduct." 103 F.3d at 1001 (emphasis added).  So too here: the NFA could be enforced against many persons, and while the federal government has shown an interest in enforcing the NFA in general, it has not placed any special priority on enforcing it against Plaintiff in particular.

[5] Proposed Requests for Admissions 5-7; Interrogatories No. 3, 5-6; Request for Production No. 5.

Third, Defendants have explained that to the extent that Plaintiff's claims seek prospective relief from the NFA's tax requirements, those claims are barred under the Anti-Injunction Act, which divests courts of subject matter jurisdiction over claims seeking to restrain the collection of any tax.  MTD at 12-13.  In response, Plaintiff seeks discovery aimed at showing that "the NFA tax is nothing but an end-run around the Second Amendment, [that] it was never intended to obtain any appreciable net revenue, and in fact Defendants lose money because the costs of collecting, administering, and enforcing the NFA far exceed the tax revenue gained."  Mot. at 4-5.[6]  However, the Anti-Injunction Act clearly provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," subject to exceptions not relevant here, 26 U.S.C. § 7421(a), and by its plain text, the NFA "imposes taxes."  *Guedes v. ATF*, 920 F.3d 1, 6 (D.C. Cir. 2019).  Because the NFA imposes taxes, the Anti-Injunction Act divests the Court of subject matter jurisdiction over Plaintiffs' claims for prospective relief from the NFA's tax requirements.  It is entirely irrelevant whether the NFA results in a net loss or gain to the U.S. Treasury when assessed against its enforcement costs.  Plaintiff therefore has not presented any basis justifying discovery to ascertain whether the federal government's overall expenditures to enforce the NFA exceed the revenues collected under that statute.

Fourth, the Background section of Defendants' motion to dismiss observed that the NFA has survived numerous constitutional challenges over its 88-year history.  MTD at 1.  However, this passing observation is unrelated to the issue of the Court's subject matter jurisdiction. Therefore, Plaintiff is not entitled to discovery from Defendants that would identify all legal authorities that have upheld the NFA as constitutional.[7]

---

[6] Proposed Requests for Admissions 2-3, Requests for Production 2-4.
[7] Proposed Interrogatory No. 4.

Fifth, and finally, Defendants' motion to dismiss has made clear that to the extent that Plaintiff's claims seek retrospective relief from the NFA's tax requirement, the Court lacks subject matter jurisdiction because Plaintiff has failed to identify a valid waiver of sovereign immunity covering such claims. *Id*. at 14-15. In a footnote, Defendants observed that Plaintiff's complaint does not invoke 28 U.S.C. § 1346(a)(1) in an attempt to establish the Court's subject matter jurisdiction to hear his claims for retrospective monetary tax relief, but that in any event, a plaintiff must exhaust his or her administrative remedies before a court may hear a claim for recovery of "tax alleged to have been erroneously or illegally assessed or collected." *Id*. at 15 n.6 (quoting 26 U.S.C. § 7422). In response, Plaintiff contends if he had relied on 28 U.S.C. § 1346(a)(1) to establish subject matter jurisdiction—which he did not[8]—he should be excused from 26 U.S.C. § 7422's exhaustion requirement on the basis of futility, and he seeks discovery to support a showing that filing a claim with the Internal Revenue Service (IRS) for a refund of the taxes that he has paid under the NFA would be futile. Mot. at 6.[9]

This contention is fundamentally misguided. It has long been recognized that futility is not an exception to the requirement that a litigant must file an administrative tax refund claim before seeking related relief in court. *See United States v. Felt & Tarrant Mfg. Co*., 283 U.S. 269, 272-73 (1931) ("The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws . . . . The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected."); *Bartley v. United States*, 123

---

[8] Plaintiff misses the mark in attempting to justify this omission based on the relatively lenient standards afforded to *pro se* litigants. Mot. at 6 n.2. As explained in Defendants' motion to dismiss, because Plaintiff is an experienced, highly prolific *pro se* litigant, the Court should not accord Plaintiff the same deference to which unsophisticated, inexperienced *pro se* litigants are entitled. *See* MTD at 14 n.5.

[9] *See* Proposed Requests for Admission 4, 9-16; Interrogatories No. 2, 5.

F.3d 466, 469 (7th Cir. 1997) (explaining that *Felt* "makes plain that we do not have the authority to excuse [plaintiff's] failure to make a claim as required by section 7422(a), notwithstanding our certainty that the IRS ultimately will reject her claim"); *Bohn v. United States*, 467 F.2d 1278, 1279 (8th Cir. 1972) ("Probability that the claim will be rejected does not affect [Section 7422's] requirement."); *Gallo v. United States*, 950 F. Supp. 1246, 1250 n.2 (S.D.N.Y. 1997) ("[F]utility of filing an administrative refund claim is not a defense to failure to file a refund claim.").

Furthermore, the requirement that a plaintiff exhaust administrative remedies before filing a lawsuit for recovery of "tax alleged to have been erroneously or illegally assessed or collected" is a prerequisite expressly imposed by Congress in the statutory language.  *See* 26 U.S.C. § 7422(a) ("*No* suit or proceeding shall be maintained in any court for the recovery of *any* internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . *until* a claim for refund or credit has been duly filed with the Secretary, . . . .") (emphasis added).  The statutory language contains no express or even implied exception to exhaustion on the basis of futility (or on any other basis), and this Court is not empowered to alter the statute by the imposition of a judicially-created futility exception.  As the D.C. Circuit has held, "a court may 'not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.'"  *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)); *accord McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing *Shalala v. Ill. Council on Long Term Care, Inc*., 529 U.S. 1, 13 (2000)).  Plaintiff thus may not

obtain discovery aimed at showing that filing a tax refund claim with the IRS would be futile because futility is not an exception to this requirement.[10]

In short, Plaintiff's "request for jurisdictional discovery [is] not narrowly tailored to produce information relevant to the issue of standing" or other jurisdictional defects, "and thus ordering jurisdiction[al] discovery is not warranted." *Coal. for Mercury-Free Drugs v. Sebelius*, 725 F. Supp. 2d 1, 5 (D.D.C. 2010), *aff'd*, 671 F.3d 1275 (D.C. Cir. 2012). "Jurisdictional discovery need not be permitted where," as here, "a plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction." *In re Papst*, 590 F. Supp. 2d at 101 (citation and internal quotation marks omitted). This factor weighs further against granting Plaintiff's request for expedited discovery.

### C.   Independently, Plaintiff's Proposed Discovery Requests Are Inappropriate Because They Are Extremely Broad in Scope.

In analyzing a motion for expedited discovery, the Court "examines the scope of the proposed discovery to assess whether it is reasonable." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014). "[C]ourts generally deny motions for expedited discovery when the movant's discovery requests are overly broad." *Philadelphia Newspapers, Inc. v. Gannett Satellite Info.*

---

[10] No case law cited by Plaintiff suggests otherwise. The cases cited by Plaintiff concern the possibility of courts recognizing futility exceptions with respect to statutes that do *not* require administrative exhaustion. *See Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994) (considering, and rejecting, futility exception for ERISA, which "does not specifically require the exhaustion of remedies"); *Rann v. Chao*, 154 F. Supp. 2d 61, 64-66 (D.D.C. 2001) (declining to recognize futility exception for Age Discrimination in Employment Act, which does not require administrative exhaustion before filing suit), *aff'd as modified*, 346 F.3d 192 (D.C. Cir. 2003); *Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 101-03, 104-07 (D.C. Cir. 1986) (declining to recognize futility exception to Randolph-Sheppard Act, which includes an optional arbitration process to address grievances but no explicit provision that requires the exhaustion of administrative remedies).

*Network, Inc*., No. 98-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998).  That is certainly the case here.

As explained above, *see supra* Background, Defendants' motion to dismiss facially challenges the Court's subject matter jurisdiction, and is limited to demonstrating that Plaintiff fails to plead injury in fact, and also that his challenge to the NFA's transfer tax must be dismissed due to the Anti-Injunction Act and for failure to establish a valid waiver of sovereign immunity. A plaintiff is presumed to know whether or not it has been injured in fact without resort to discovery.  Moreover, Defendants' arguments for dismissal under the Anti-Injunction Act and for failure to establish a sovereign immunity waiver are purely legal claims not requiring any factual development.

Despite this, Plaintiff "seek[s] relatively broad discovery on issues going to the merits of [his] case—[his] discovery requests are not narrowly tailored to reveal information related to" subject matter jurisdiction.  *Guttenberg*, 26 F. Supp. 3d at 98.  Indeed, Plaintiff mounts a broad-ranging fishing expedition, asking Defendants to:

- "Describe all circumstances under current law by which Defendants would refund the $9,800 in National Firearms Act taxes Plaintiff paid to make or transfer short-barreled rifles, short-barreled shotguns, and firearms suppressors while allowing Plaintiff to retain possession of such weapons in their regulated state[.]" [Interrogatory 2]

- "Identify all criminal or civil cases in which Defendants prosecuted persons for possession, making, or manufacturing solvent traps or other unfinished silencers or silencer parts."  [Interrogatory 3]

- "Cite all legal authorities supporting [Defendants'] contention . . . that the NFA tax is constitutional."  [Interrogatory 4]

- "State the bases why Defendants have disapproved applications to make firearm suppressors . . . and refunded NFA taxes for persons intending to make firearm silencers from solvent traps or other unfinished silencers or silencer parts, other than applications by prohibited persons, failure to provide legible fingerprints or photographs, state or local prohibitions, invalid trusts, or for erroneous, incomplete,

or unsigned applications." [Interrogatory 5]

- "Describe processes by which a person could legally make a firearm suppressor from a solvent trap or other unfinished silencer or silencer parts without either the manufacturer or the prospective maker violating the NFA by possessing or manufacturing the solvent trap or other unfinished silencer or silencer parts." [Interrogatory 6]

As explained below, Plaintiff's document requests are also extremely broad, asking (among other things) for 15 years of detailed budget information. *See infra* I.D.

The extremely broad scope of Plaintiff's proposed discovery belies any "indication" that it is "narrowly tailored," as requests for expedited discovery are required to be. *Landwehr v. FDIC*, 282 F.R.D. 1, 4 (D.D.C. 2010); *see also id.* (citing as an example *Warner Bros. Records v. Does 1-6*, 527 F. Supp. 2d 1, 2-3 (D.D.C. 2007), in which a plaintiff was granted expedited discovery "to identify the individuals associated with certain specified unique Internet Protocol addresses"). "To the contrary, . . . the scope of the expedited discovery sought by [Plaintiff] will be quite broad and highly burdensome to the defendants." *Id*.

In sum, Plaintiff's proposed discovery requests are extremely broad in scope. This factor therefore weighs against Plaintiff.

**D.     The Burden of Complying With the Proposed Discovery Requests Would Be Very Heavy.**

When the burden of complying with expedited discovery "is low, such as responding to only one or a few discovery requests, then this factor supports granting the motion." *Attkisson*, 113 F. Supp. 3d at 165 (citing *Humane Soc'y v. Amazon.com*, No. 07-623, 2007 WL 1297170, at *3 (D.D.C. May 1, 2007)). "By contrast, when the defendants would have to expend a huge amount of resources to comply with expedited discovery, th[is] factor supports denying the motion for expedited discovery." *Id*. (citing *True the Vote, Inc. v. IRS*, No. 13-734, 2014 WL 4347197, at *8 (D.D.C. Aug. 7, 2014)) (internal quotation marks omitted).

Plaintiff does not propose that Defendants be required to "respond[] to only one or a few discovery requests," *id.*, but instead presents a "sprawling list" of twenty-nine requests, consisting of eighteen requests for admissions, six interrogatories, and five requests for production of documents. *Dunlap*, 319 F. Supp. 3d at 104. As explained above, *see supra* I.C, Plaintiff's proposed interrogatories are very broad in scope. So too are his proposed requests for production of documents, which would require (among other things), production of:

- "[A]ll documents for each of the past fifteen years showing the amount of tax revenues received by the U.S. government from the provisions of the National Firearms Act of 1934." [Document Request 2]

- "[A]ll documents for each of the past fifteen years showing all expenditures by the U.S. government to administer and collect National Firearm Tax revenues[.]" [Document Request 3]

- "[A]ll documents for each of the past fifteen years showing all expenditures by the U.S. government for the enforcement of the provisions of the National Firearms Act[.]" [Document Request 4]

- "[A]ll communications to the public . . . stating Defendants' legal opinions or contentions that solvent traps or other unfinished silencers or silencer parts are regulated under the National Firearms Act." [Document Request 5].

The massive burden that would be imposed by Plaintiff's proposed discovery requests would only be compounded by the patently unreasonable time period Plaintiff proposes for their completion: fourteen days. Mot. at 7. "Here, the burden on [Defendants] to comply with the proposed interrogatories and document production requests would be heavy. The proposed interrogatories are overly broad and would require significant time and resources to address." *Attkisson*, 113 F. Supp. 3d at 165. This factor therefore also weighs against expedited discovery.[11]

---

[11] In his motion, Plaintiff "suggests . . . that any objections to specific discovery requests be included in any opposition to this motion," Mot. at 7, but Plaintiff articulates no basis for this suggestion that Defendants be required to object to proposed discovery requests that the Court has not authorized Plaintiff to issue. Defendants have explained generally how the requests are irrelevant, overbroad and unduly burdensome in the course of demonstrating that Plaintiff does

E.     **Plaintiff Seeks Expedited Discovery Far in Advance of the Typical Discovery Process, and During the Pendency of a Motion to Dismiss.**

"Because discovery typically occurs after the resolution of motions to dismiss, presenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored." *Attkisson*, 113 F. Supp. 3d at 165 (internal citation omitted); *see also True the Vote*, 2014 WL 4347197, at *8 ("Typically, discovery begins upon the resolution of any motions to dismiss. Because the defendants' motions to dismiss remain pending, the plaintiff's discovery request is premature.") (internal citation omitted).  Indeed, in denying expedited discovery, a court in this Circuit specifically noted that "most important for the Court's reasonableness analysis is the pendency of the defendants' motion to dismiss." *Guttenberg*, 26 F. Supp. 3d at 99.  This was because "[r]equiring defendants to comply with an order for expedited discovery when the case may later be dismissed for failure to state a claim could 'force[] [the defendants] to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action.'" *Attkisson*, 113 F. Supp. 3d at 165 (quoting *Guttenberg*, 26 F. Supp. 3d at 99); *accord In re Quinteros*, No. BR 19-195, 2021 WL 3674727, at *13 (D.D.C. Aug. 13, 2021).

The same is true where, as here, Defendants have moved to dismiss this case for lack of subject matter jurisdiction.  "[A] request for jurisdictional discovery is not a talisman whose mere utterance can ward off an impending motion to dismiss for lack of . . . jurisdiction." *NBC-USA Hous., Inc. v. Donovan*, 774 F. Supp. 2d 277, 295 (D.D.C. 2011).  "At the very least, reasonableness dictates that the Court consider defendants' motion to dismiss before requiring extensive and expensive discovery." *Attkisson*, 113 F. Supp. 3d. at 165-66 (quoting *Guttenberg*,

---

not meet the standard for expedited discovery.  In the event that the Court were to permit Plaintiff to issue discovery requests—which, as explained herein, it should not—Defendants will set forth their specific objections to each request at the time required by the Federal Rules of Civil Procedure.

26 F. Supp. 3d at 99). This factor additionally supports denial of Plaintiff's request for expedited discovery.

*       *       *       *       *

In sum, all five factors relevant to the Court's determination as to whether Plaintiff may obtain discovery before the parties' Rule 26(f) conference weigh against allowing such expedited discovery. The Court should therefore deny Plaintiff's motion.[12]

## III. The Court Should Deny Plaintiff's Alternative Request for Leave to Amend for Failure to Comply With the Court's Rules Regarding Amendment to Pleadings.

In the alternative, Plaintiff seeks leave to "amend[] or supplement[] . . . the pleadings" to correct the "purported [jurisdictional] deficiencies Defendants identified" in their motion to dismiss. Mot. at 8. The Court should deny such leave because Plaintiff has failed to comply with the Rules of this Court regarding leave to amend or supplement pleadings. This Court's Local Rules require that any motion by a party to amend its pleadings "shall be accompanied by an original of the proposed pleading as amended." Local Civ. R. 7(i); *accord* Local Civ. R. 15. Because Plaintiff's motion was not accompanied by the proposed pleading, the Court should deny his request in the alternative to amend or supplement his complaint for a third time. Furthermore,

---

[12] Additionally, no authority cited by Plaintiff supports his motion. *See* Mot. at 3. *Edmond v. U.S. Postal Service General Counsel*, 949 F.2d 415 (D.C. Cir. 1991), does not even mention expedited discovery. The portion of *Vanover v. Hantman*, 77 F. Supp. 2d 91 (D.D.C. 1999), cited by Plaintiff merely stands for the well-recognized proposition that in reviewing a Rule 12(b)(1) motion that only "challenges the sufficiency of the allegations of subject matter jurisdiction," the Court may take notice of documents incorporated by reference in the complaint without converting the motion to one for summary judgment. *Id.* at 98. The court in *Angelo v. District of Columbia*, No. 22-cv-1878 (D.D.C.), allowed the *defendants* to obtain expedited discovery to allow them to respond to an emergency motion for injunctive relief. *See id.* at Doc. Nos. 12-3, Minute Order (Jul. 21, 2022). Moreover, the discovery was limited to six "narrowly targeted" interrogatories—such as the plaintiffs' employment and their method of travel to and from their place of business—that the court specifically found would not "substantial[ly] burden" the plaintiffs. *Id.*

19

Defendants respectfully reserve the right to oppose any properly-filed motion by Plaintiff to amend or supplement his complaint yet again.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's motion for expedited discovery.

Dated:  December 8, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*