# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT M. MILLER,
     Plaintiff,

v.

MERRICK B. GARLAND, *et al.*,
     Defendants.

Civil Action No. 22-02579 (CKK)

**MEMORANDUM OPINION & ORDER**
(January 13, 2023)

In Plaintiff's [20] Motion, Plaintiff moves the Court to impose sanctions on Defendants under Federal Rule of Civil Procedure 11(c). ECF No. 20 at 1. Under Rule 11, a party may be sanctioned if "a pleading, written motion, or other paper… [is] presented for any improper purpose[;]… the claims, defenses, and other legal contentions therein are [un]warranted by existing law [;]… the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]" Fed. R. Civ. P. 11(b)–(c). Plaintiff argues that sanctions should be imposed because of (1) Defendants' characterization of Plaintiff's complaint as too lengthy and (2) Defendants' reference to Plaintiff's numerous filings as a *pro se* litigant. *See* ECF No. 20 at 1–2. The Court finds that there is support for Defendants' passing remarks such that Plaintiff's [20] Motion for Sanctions is **DENIED**.

First, Plaintiff argues that "Defendants float the suggestion that Plaintiff's complaint is too lengthy." ECF No. 20 at 2. Defendants state in their [11] Motion to Dismiss that "Plaintiff's current complaint is more than 500 paragraphs in length," ECF No. 11 at 3, and later in another filing that Plaintiff has filed "a complaint more than 500 paragraphs in length," ECF No. 16 at 1. Defendants do not stake any arguments on these assertions, but rather mention the length almost in passing. Defendants' assertions are true; Plaintiff's Second Amended Complaint is 523 paragraphs and 70 pages long. *See generally* ECF No. 10. And while Plaintiff is correct that there is no proscribed paragraph or page limit on a complaint, courts have found complaints shorter than Plaintiff's to be unnecessarily lengthy. *See, e.g.*, *Jiggetts v. D.C.*, 319 F.R.D. 408, 414–15 (D.D.C. 2017) (KBJ) (dismissing 78-page, 459-pararaph complaint), *aff'd sub nom.*

*Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017); *Terrell v. Mr. Cooper Grp., Inc.*, No. 20-0496, 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020) (CKK) (finding *pro se* plaintiff's 339-paragraph amended complaint to violate Rule 8); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253 (D.D.C. 2011) (RCL) (dismissing 385-paragraph complaint brought by *pro se* litigant). Accordingly, the Court concludes that Defendants' remarks regarding the length of Plaintiff's Second Amendment Complaint were not presented for improper purpose and had evidentiary support such that Rule 11 sanctions are not warranted.

Second, Plaintiff argues that Defendants' assertion that "[t]he plaintiff in this case is a serial *pro se* litigant against the federal government" is also grounds for Rule 11 sanctions. ECF No. 20 at 5 (citing ECF No. 11 at 1). After making this statement in their Motion to Dismiss, Defendants cite to numerous cases where Plaintiff has filed suit *pro se*. ECF No. 11 at 14 n.5. In another filing, Defendants again refer to Plaintiff as a "serial *pro se* litigant against the federal government." ECF No. 16 at 1. As above, Defendants do not stake any arguments on these assertions, but rather mention Plaintiff's extensive litigation history almost in passing. The Court therefore concludes that Defendants' remarks were not presented for improper purpose and had evidentiary support such that Rule 11 sanctions are not warranted.

For the foregoing reasons, the Court **DENIES** Plaintiff's [20] Motion for Sanctions.
**SO ORDERED.**

                                                    /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge