UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. MILLER,<br>   *Plaintiff,*<br>v.<br>MERRICK B. GARLAND, et al.,<br>   *Defendants.* | Civ. Act. No: 1:22-cv-02579-CKK |

## OBJECTION TO DENIAL OF RULE 11 SANCTIONS

In order to preserve issues for potential appeal, Plaintiff respectfully objects to this Court's denial of his January 13, 2023, *Motion for Rule 11 Sanctions* ("*Motion*"), ECF 20, after proper notice and elapse of the safe-harbor period. Rule 11(c). Plaintiff alleged Defendants improperly attempted to prejudice the Court against Plaintiff by leading off their arguments in two papers discussing the extensive length of Plaintiff's *Second Amended Complaint*, ECF 10. Plaintiff's *Motion* demonstrated with evidence this was the **fourth** consecutive federal case where government attorneys made similar arguments, all in their opening paragraphs. In only one of those four cases did a government attorney actually argue Plaintiff violated Rule 8.

Plaintiff also alleged Defendants tried to prejudice this Court by labeling him a "serial *pro se* litigant" in the very first paragraph of their papers because of the volume of cases he has brought in the past, none of which have any bearing on the instant case. This insinuation suggests a common prejudice against *pro se* litigants who file numerous cases, whether those cases have merit or not – that a plaintiff is a vexatious litigant. Many courts and licensed attorneys treat *pro se* litigants as interlopers in the legal system, so much so that esteemed Seventh Circuit judge Richard Posner left the bench because of the shabby manner in which his colleagues treated *pro se* litigants.

1

In the afternoon of January 13, 2023, this Court denied Plaintiff's *Motion*. ECF 21. Plaintiff respectfully disagrees with the Court's findings and objects to preserve these issues for appeal, if necessary.

While the argument that Plaintiff is a "prolific pro se litigant" in the *Motion to Dismiss* fairly raised a non-frivolous allegation Plaintiff should not be afforded the liberal treatment of *pro se* litigants, this fact was entirely irrelevant to Plaintiff's *Motion to Expedite Discovery* and served only a prejudicial purpose. This Court held that Defendants did not "stake any arguments on these assertions, but rather mention Plaintiff's extensive litigation history almost in passing."

Plaintiff respectfully disagrees. Nothing an attorney says in a motion to dismiss or in opposition to discovery is ever "in passing," and every statement an attorney makes has a targeted purpose. Statements made in passing do not lead off a brief in opening sentences. If the statements were merely in passing, Defendants would not need to mention them at all. Defendants could have, but did not, argue Plaintiff violated Fed.R.Civ.P. 8 in their *Motion to Dismiss*. Instead, Defendants floated the suggestion without argument or authority as "secret code" to the Court, exactly as government attorneys had done in two prior federal cases. ECF 20-2. The fact three different government attorneys in separate cases used the same unscrupulous litigation tactic adds further proof to Plaintiff's charge; this is a tactic learned from government attorney experience.

These were deliberate statements intended to prejudice the Court against Plaintiff. This is evidenced by the fact that Defendants put these arguments in *the very first sentence* of their *Motion to Dismiss*, ECF 11, and the *first two sentences* of the Background section in their *Defendants' Brief in Opposition to Plaintiff's Motion for Expedited Discovery*, ECF 16. Nothing said "in passing" would be given such prominence in a brief. Plaintiff, though not trained in litigation, is acutely aware that the opening statement in any paper or oral argument (or any persuasive writing,

for that matter), is usually the most powerful statement a writer has to offer, setting the tone for all that follows.

The Court held the statements at issue had "evidentiary support." Plaintiff's *Motion* never alleged anything Defendants said was untrue, which would be a violation of Rule 11(b)(3). Rather, both his requests were based on the fact Defendants made these statements with the obvious improper purpose of harassing Plaintiff, causing unnecessary delay, raising his costs of litigation, and prejudicing the Court. Rule 11(b)(1). Had Plaintiff ignored these "passing" remarks, the Court could have dismissed the case for violating Rule 8 either based on Defendants' unrebutted insinuation or on its own motion.

Plaintiff's *Motion* alleged Defendants violated Rule 11(b)(2) because Defendants' insinuation Plaintiff's complaint was too lengthy is clearly a legal argument with adverse legal effects, ironically cited by the Court itself in denying the *Motion*. ECF 21. But since Defendants cited no legal authorities and made no legal arguments, by definition the statements are unwarranted by existing law.

Plaintiff understands and respects the value of a brief complaint. It gives a Defendant a limited number of factual allegations to admit or deny. Yet Plaintiff has a right to seek judgment on the pleadings. Rule 12(c). If Defendant admits sufficient allegations proving Plaintiff's right to relief, the case is over. Plaintiff also knows he must fairly put Defendants on notice of the factual allegations underlying his complaint. In the instant case, Plaintiff seeks to set aside an agency rule for failures to meet their burdens under the Administrative Procedure Act. By vice of Defendants' *hundreds* of APA violations, Plaintiff's complaint could hardly be much shorter.

Plaintiff also admits that his inexperience as a litigator, coupled with the caveats of *Ashcroft v. Iqbal* about sufficiency of pleadings, tends to cause Plaintiff to over-plead his case. In the notice-

pleading era of *Conley v. Gibson*, plaintiffs could be much more sparing in their allegations. Notwithstanding the length of Plaintiff's complaint, Defendants *still* claimed Plaintiff had not pleaded sufficient facts to establish this Court's jurisdiction in their *Motion to Dismiss*. It is little wonder Plaintiff may have pleaded more than he needed.

Plaintiff would not have been so quick to file a Rule 11 motion had he not experienced the same, repeating unscrupulous tactics by government attorneys for the past twelve years. While this Court is freshly acquainted with the parties, Plaintiff has lengthy experience with opposing government attorneys and their false signings, frivolous legal arguments, discovery violations, misrepresentation of authorities, and suborning of witness perjury.

In every case where Plaintiff raised no Rule 11 motions, the courts relied on agency false signings, perjury, and creation of prejudice in their adverse decisions. In every case where courts denied Plaintiff's Rule 11 motions, the federal defendants took the denial of sanctions as license to continue and accelerate their violations of Rule 11. Plaintiff is damned if he does, and damned if he doesn't. Such is the experience of a *pro se* litigant.

Plaintiff respects this Court's discretion when ruling on these motions, but he respectfully disagrees and objects to preserve these issues for appeal.

EXECUTED January 13, 2023.

-s- *Robert M. Miller*
Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

4