UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT M. MILLER,
         *Plaintiff,*

v.

MERRICK B. GARLAND, et al.,
         *Defendants.*

Civ. Act. No: 1:22-cv-02579-CKK

### MOTION TO SUPPLEMENT OPPOSITION TO MOTION TO DISMISS

Plaintiff herein requests leave of the Court to supplement his *Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss*, ECF 19, with new and material information not available on January 12, 2023 when Plaintiff opposed Defendants' *Motion to Dismiss*, ECF 11. The supplement provides proof Plaintiff exhausted his administrative remedies for his implicit tax refund claim. Defendants have stated they will oppose this motion.

Granting a plaintiff leave to supplement an opposition to a motion to dismiss has precedent. *Sculimbrene v. Reno*, 158 F. Supp. 2d 8, 15 n.2 (CKK) (D.D.C. 2001). Courts in this Circuit must consider facts alleged in all of a *pro se* plaintiff's pleadings, including an opposition to a motion to dismiss, in resolving a motion to dismiss. *Brown v. Whole Foods*, 789 F.3d 146, 152 (D.C.Cir.2015); *Horvath v. Dodaro*, 160 F. Supp. 3d 32, 37 (D.D.C. 2015). "[T]he pro se litigant may, in effect, supplement his complaint with the allegations included in his opposition." *Magowan v. Lowery*, 166 F. Supp. 3d 39, 58 (D.D.C. 2016); *Perisic v. Jim Yong Kim*, No. 18-cv-2038 (EGS), at *21 (D.D.C. Oct. 24, 2019).

Because pleading additional facts in a *pro se* opposition to a motion to dismiss is considered a pleading for all intents and purposes, this Court may, on motion and reasonable notice and on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented, even if the original

pleading is defective. Fed.R.Civ.P. 15(d).

On December 23, 2022, Plaintiff submitted a request for a tax refund from Defendants containing a tax refund form, a schedule of all firearms for which Plaintiff paid the NFA tax, and copies of all his approved tax stamps. On January 16, 2022 – after Plaintiff's *Opposition to MTD* – Plaintiff received an envelope from Defendants returning his tax refund request without action. Defendants included a letter requesting Plaintiff sign and submit a "void" letter with his original stamps. This action would not effect a refund, but would instead remove all Plaintiff's NFA firearms from the registry, making him an instant felon. Plaintiff followed up with emails and telephone calls on January 17 and 19, 2023, to which Defendants were not responsive.

Because Defendants' actions and responses did not exist or had not yet been delivered to Plaintiff by January 12, 2023, the evidence presented is new. *McNeil v. Harvey*, Civil Action No.: 17-1720 (RC), at *5 (D.D.C. Feb. 28, 2019). The new evidence rebuts Defendants' argument Plaintiff failed to exhaust administrative remedies for requesting a tax refund. ECF 11 at 15 n.6. The evidence is relevant and material to his implicit tax refund claim. *American Chiropractic Ass'n v. Shalala*, 108 F. Supp. 2d 1, 3 n.1 (D.D.C. 2000) ("The Court grants plaintiff's motion to file a supplement because the supplement provides information bearing on a representation made by defendant in her motion to dismiss.")

On January 17, 2023, Plaintiff met and conferred with Defendants regarding this motion. On January 19, 2023, Defendants stated they would oppose the motion.

If this Court grants this motion, Plaintiff consents to giving Defendants additional time for a response to the supplemental information.

      Pursuant to 28 U.S.C. §1746, Plaintiff declares under penalty of perjury the foregoing is true and correct.

EXECUTED January 24, 2023.

-s- _____

Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

3