IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT M. MILLER,** | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:22-cv-02579-CKK |
| | ) |
| v. | ) |
| | ) |
| **MERRICK GARLAND, Attorney General of the United States, in his official capacity** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

### INTRODUCTION

On January 13, 2023, this Court denied Plaintiff's motion to impose sanctions on Defendants and their counsel under Federal Rule of Civil Procedure 11(c). *See* Mem. Op., Doc. No. 21. In response, Plaintiff filed a document that is entitled "Objection to Denial of Rule 11 Sanctions," but which was docketed as a motion for reconsideration of the Court's decision. Doc. No. 22.[1] In the event that Plaintiff's filing were deemed to be a motion for reconsideration, it should be denied. As the Court's Memorandum Opinion and Order concluded, Defendants' passing remarks in a brief regarding the length of Plaintiff's Second Amended Complaint and Plaintiff's numerous filings as a *pro se* litigant were not presented for any improper purpose and had evidentiary support, such that Rule 11 sanctions were not warranted. And Plaintiff has failed to satisfy the burden required to warrant reconsideration of the Court's Memorandum Opinion and Order. Instead, Plaintiff simply expresses his disagreement with the Court's ruling, and attempts

---

[1] However, the filing was not accompanied by a proposed order, and Plaintiff did not confer with Defendants before filing.

1

to re-litigate issues the Court has already decided. Therefore, if the Court were to deem Plaintiff's filing to be a motion for reconsideration, it should deny that motion.

## ARGUMENT

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.'" *Lyles v. Dist. of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

Plaintiff fails to satisfy the Rule 54(b) standard in his filing. He does not identify any change in the law, any discovery of new evidence not previously available, or any clear error in the Court's Memorandum Opinion and Order. Instead, Plaintiff seeks to re-litigate his motion for sanctions under Rule 11. However, a motion under Rule 54(b) "cannot be used to reargue facts and theories upon which a court has already ruled or to present theories or arguments that could have been advanced earlier." *Shvartser v. Lekser*, 330 F. Supp. 3d 356, 360 (D.D.C. 2018) (quotation omitted). Reconsideration of the Court's Memorandum Opinion and Order denying Plaintiff's motion for sanctions is therefore not warranted.

## CONCLUSION

For the reasons stated above, if the Court were to deem Plaintiff's filing to be a motion for reconsideration, the Court should deny the motion.

Dated: January 27, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*