**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT M. MILLER,<br>                    *Plaintiff,*<br>        v.<br><br>MERRICK B. GARLAND, et al.,<br>                    *Defendants.* | Civ. Act. No: 1:22-cv-02579-CKK |

**SUPPLEMENT TO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Robert M. Miller
4094 Majestic Ln, #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

January 23, 2023

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................... ii

**TABLE OF AUTHORITIES** ........................................................................................ ii

**ARGUMENT** ...................................................................................................................1

    A.  PLAINTIFF'S TAX REFUND CLAIM AND DEFENDANTS' DEFENSES ........................1

    B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES ........................................3

**CONCLUSION** .................................................................................................................6

**VERIFICATION** .............................................................................................................6

## TABLE OF AUTHORITIES

### CASES

*Bennett v. United States*, 462 F. Supp. 2d 35 (D.D.C. 2006) ..........................................2

*Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74 (D.D.C. 2006) ..........................2

*Brown v. Whole Foods*, 789 F.3d 146 (D.C.Cir.2015) ......................................................1

*Erwin v. U.S.*, Civil Action No. 05-1698 (CKK) (D.D.C. Sep. 15, 2006) ......................5

*Haines v. Kerner*, 404 U.S. 519 (1972) ...........................................................................2

*Halcomb v. Office of Senate Sergeant-At-Arms*, 563 F. Supp. 2d 228 (D.D.C. 2008) ....................2

*Horvath v. Dodaro*, 160 F. Supp. 3d 32 (D.D.C. 2015) ...................................................1

*Krieger v. Fadely*, 211 F.3d 134 (D.C. Cir. 2000) ..........................................................2

*Macintosh v. Building Owners Managers Ass'n*, 355 F. Supp. 2d 223 (D.D.C. 2005) ...................2

*Magowan v. Lowery*, 166 F. Supp. 3d 39 (D.D.C. 2016) .................................................1

*New York State Rifle & Pistol Assn., Inc. v. Bruen*, No. 20-843 (June 23, 2022) ..........................3

*November 2001 v. Fame Jeans Inc.*, 525 F.3d 8 (D.C. Cir. 2008) ...................................2

*Perisic v. Jim Yong Kim*, No. 18-cv-2038 (D.D.C. Oct. 24, 2019) .................................1

*Sculimbrene v. Reno*, 158 F. Supp. 2d 8 (CKK) (D.D.C. 2001) ......................................1

## STATUTES

18 U.S.C. § 922 ...........................................................................................................................3

18 U.S.C. § 924 ...........................................................................................................................3

26 U.S.C. 5841 ...........................................................................................................................4

26 U.S.C. § 5871 .........................................................................................................................3

26 U.S.C. § 5872 .........................................................................................................................3

26 U.S.C. § 6511 .........................................................................................................................5

26 U.S.C. § 7422 ....................................................................................................................2, 5, 6

26 U.S.C. § 7433 .........................................................................................................................5

28 U.S.C. § 1346 .........................................................................................................................2

28 U.S.C. §1746 ..........................................................................................................................6

## REGULATIONS

26 C.F.R. § 301.7433.....................................................................................................................5

27 C.F.R. § 479.172......................................................................................................................5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROBERT M. MILLER,
                                   *Plaintiff,*
          v.

MERRICK B. GARLAND, et al.,
                                   *Defendants.*

Civ. Act. No: 1:22-cv-02579-CKK

## SUPPLEMENT TO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff herein supplements his *Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss*, ECF 19, with new and material information not available at the time Plaintiff opposed Defendants' *Motion to Dismiss*, ECF 11, on January 12, 2023.

This Court has previously granted a plaintiff leave to supplement an opposition to a motion to dismiss. *Sculimbrene v. Reno*, 158 F. Supp. 2d 8, 15 n.2 (CKK) (D.D.C. 2001).

Courts in this Circuit must consider facts alleged in all of a *pro se* plaintiff's pleadings, including an opposition to a motion to dismiss, in resolving a motion to dismiss. *Brown v. Whole Foods*, 789 F.3d 146, 152 (D.C.Cir.2015); *Horvath v. Dodaro*, 160 F. Supp. 3d 32, 37 (D.D.C. 2015). "[T]he pro se litigant may, in effect, supplement his complaint with the allegations included in his opposition." *Magowan v. Lowery*, 166 F. Supp. 3d 39, 58 (D.D.C. 2016); *Perisic v. Jim Yong Kim*, No. 18-cv-2038 (EGS), at *21 (D.D.C. Oct. 24, 2019).

## ARGUMENT

A. Plaintiff's Tax Refund Claim and Defendants' Defenses

While Plaintiff did not set out an explicit cause of action for an NFA tax refund in his complaint, his complaint clearly made such a claim. *SAC*, ECF 10 ¶¶ 26—28, 41—42, 45, 450—451, 518.

1

Pro se complaints are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520—521 (1972); *Halcomb v. Office of Senate Sergeant-At-Arms*, 563 F. Supp. 2d 228, 235 (D.D.C. 2008); *Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74, 78 (D.D.C. 2006) ("Courts have not construed the pleading requirements of Federal Rule of Civil Procedure 8 to require a plaintiff to recite specific source(s) of law in a complaint."). "Pleadings shall be construed so as to do substantial justice." *Id.* Plaintiff need not cite the specific statute authorizing relief. *Macintosh v. Building Owners Managers Ass'n*, 355 F. Supp. 2d 223, 229 (D.D.C. 2005). "[So] long as the basis for a claim is clear, a complaint need not 'plead law' in specific detail. *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000); *November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 18 n.5 (D.C. Cir. 2008).

Because Plaintiff's claim was not explicit, Defendants stated in a footnote of their *Motion to Dismiss*, "Plaintiff does not invoke 28 U.S.C. § 1346(a)(1) in attempting to establish the Court's subject matter jurisdiction to hear his claims for retrospective monetary tax relief. In any event, it is well established that a plaintiff must exhaust his or her administrative remedies before a court may hear a claim for recovery of 'tax alleged to have been erroneously or illegally assessed or collected.' 26 U.S.C. § 7422; see also *Bennett v. United States*, 462 F. Supp. 2d 35, 41 (D.D.C. 2006) ("[A] suit for refund of taxes may not be maintained in any court unless a claim for refund has been filed."). Plaintiff does not allege that he has filed a claim with the IRS for a refund of the taxes that he has paid for ownership of his short-barreled rifles, short-barreled shotguns, and twenty- three silencers." ECF 11 at 15, n.6.

Plaintiff's *Opposition to Defendants' Motion to Dismiss* clarified Plaintiff raised a tax refund claim in his *SAC*. ECF 19 at 19.

2

B. Exhaustion of Administrative Remedies

On December 23, 2022, Plaintiff submitted TTB Form 5620.8, Claim – Alcohol, Tobacco, and Firearms Taxes, requesting a refund of all taxes he paid to make or transfer NFA-regulated firearms in the amount of $9,400. Exhibit 1. As required, Plaintiff attached a schedule of his registered NFA-regulated firearms and copies of forty-seven approved tax stamps. *Id*.

Plaintiff's request clearly stated his contention that the NFA-tax was unconstitutional based on the U.S. Supreme Court's decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, No. 20-843 (June 23, 2022). *Id*. The request stated Congress sought in the NFA to regulate bearable arms now acknowledged to be presumptively protected by the Second Amendment. *Id*. Plaintiff stated, "To be clear, Claimant DOES NOT want the schedule of guns removed from the registry. He wants a refund of the unconstitutional tax and to retain legal possession of these bearable firearms." *Id*. Plaintiff's schedule of firearms stated, "**Firearms must NOT be removed from the registry.**" [emphasis in original]. *Id.*

On January 16, 2023, Plaintiff received an envelope from Defendants (mailed on January 9, 2023) returning Plaintiff's request for a tax refund without taking any action. Exhibit 2. The envelope contained a letter asking Plaintiff to "Send a signed void request letter and original tax stamps." *Id*. A void request is the *cancellation* of an approved ATF Form 1 with tax stamp, which Plaintiff most certainly did not request. Exhibit 3. If Defendants accepted and processed a void request, Plaintiff would be illegally possessing forty-seven NFA-regulated firearms and be subject to confinement up to 470 years in prison; $470,000 to $11,750,000 in fines; loss of all forty-seven firearms worth between $50,000 and $100,000, and permanent loss of his Second Amendment rights. 18 U.S.C. § 924(d), 18 U.S.C. § 922(g); 18 U.S.C. § 3571; 26 U.S.C. § 5871; 26 U.S.C. § 5872. Plaintiff's request for a refund and supporting documents put Defendants on notice he

3

possesses these firearms, subjecting him to an extraordinary likelihood of arrest should Defendants void the tax stamps.

On January 17, 2023, Plaintiff sent an email to Defendants asking what a "void letter" is, what it does, and where to find it. Exhibit 4. Plaintiff reiterated he does not wish to surrender any of his NFA-regulated firearms, to remove them from the registry, or to surrender any of his tax stamps. *Id*. As of the date of this *Supplement*, Defendants have not responded to the email.

On January 19, 2023 at 11:00 a.m., Plaintiff called ATF/NFA Division in Martinsburg, WV at (304) 616-4501, inquiring about his refund request. The woman answering the call asked Plaintiff how long he owned his NFA-regulated firearms, and she said that normally tax refunds are done while voiding a sales transaction. Unable to further process Plaintiff's request, she referred Plaintiff to Defendants' Revenue Section, Accounting Operations Center at (202) 648-7755. Plaintiff called the Revenue Section at 11:30 a.m. on January 19, 2023, and when no one answered, Plaintiff left a message. As of the time of this *Supplement*, Defendants have not responded.

If Plaintiff returned the original tax stamps as Defendants requested, he could not lawfully possess his NFA-regulated firearms because he is required to "retain proof of registration which shall be made available to the Secretary upon request." 26 U.S.C. § 5841(e).[1] Persons requesting a void, formally known as a "deactivation," typically need not fear prosecution because they have never made the NFA firearm or have already divested themselves of the regulated firearm and merely want to sever their attachment to that firearm.

---

[1] Under the Homeland Security Act of 2002, all authorities of the Secretary of the Treasury with respect to the NFA were transferred to the U.S. Attorney General.

Plaintiff's claim and subsequent clarification were crystal clear. Defendants not only did not process the tax claim, but they also baited Plaintiff into having all his NFA tax stamps voided, demonstrating bad faith. Based on Plaintiff's request and telephone call, Defendants apparently have no procedures in place for processing such a request; the process is futile.

If there were some other means by which Plaintiff could request a refund of the unconstitutional tax, Defendants did not inform Plaintiff of those means, and Plaintiff could find none after an exhaustive search of Defendants' websites and case law.

Notably, the law and regulations pertaining to refund of NFA taxes provides only for circumstances where the possessor of an approved application has *never* made or transferred the regulated firearms or has canceled a purchase of an NFA firearm, and such a request must be filed within three years. 26 U.S.C. § 6511; 27 C.F.R. § 479.172. Only nineteen of Plaintiff's NFA firearms were registered in the past three years. Exhibit 1 at 3, nos. 31—49. Thus, the only tax refund authority Defendants have under the law does not apply to Plaintiff's request for a refund for twenty-eight firearms, and the request is futile.

Because Plaintiff submitted his request for an NFA tax refund, Defendants took no action, and they acted in bad faith, Plaintiff has exhausted his administrative remedies under 26 U.S.C. § 7422. Plaintiff has also proven a request for tax refund to Defendants is futile; Defendants did not give the request any meaningful consideration and did not notify Plaintiff of any appellate rights. *Erwin v. U.S.*, Civil Action No. 05-1698 (CKK), at *24, 27 (D.D.C. Sep. 15, 2006). See also 26 U.S.C. § 7433 and 26 C.F.R. § 301.7433-1(a) ("If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil

action for damages against the United States in federal district court.")

## **CONCLUSION**

For the reasons set forth above, this Court should hold Plaintiff exhausted his

administrative remedies for a tax refund as required by 26 U.S.C. § 7422

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Plaintiff declares under penalty of perjury the foregoing is

true and correct.

EXECUTED January 24, 2023.

-s- _____

Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com