# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. MILLER,<br>            *Plaintiff,*<br>v.<br>MERRICK B. GARLAND, et al.,<br>            *Defendants.* | Civ. Act. No: 1:22-cv-02579-CKK |

## UNOPPOSED MOTION FOR LEAVE TO USE UPS ADDRESS

On March 27, 2023, Plaintiff became aware in a different case in this district that Local Civil Rule 5.1(c)(1) required him to provide his residential address in filing cases in this district. Plaintiff was previously unaware of the requirement. In light of that rule, Plaintiff respectfully requests this Court grant Plaintiff leave to continue using his United Parcel Service box address in this case, for good cause shown below. Defendants do not oppose this motion.

Plaintiff has been engaged in federal litigation since 2012 in Article III courts, the Merit Systems Protection Board, and the Equal Employment Opportunity Commission. Upon moving to Virginia in 2015, Plaintiff lived in a hotel for four months while his house was being built. In order to maintain continuity of his address for his legal cases, Plaintiff opened his UPS mailbox at Majestic Lane in Fairfax, Virginia. Long after Plaintiff established a permanent residence, Plaintiff maintained his UPS box as his official address for all legal matters given the large number of pending cases and appeals.

While engaged in litigation with his federal employer in San Francisco, Plaintiff observed two incidents making him believe his private papers were being intercepted. First, he discovered someone had taken letters from his attorney from his mailbox, opened them, and then returned them to the mailbox. Second, someone stole Plaintiff's entire trash can; he was the only person on his street having this happen. Plaintiff became suspicious that his employer had hired a private

1

investigator, and he began to take additional security precautions.

Upon moving to Virginia, Plaintiff deliberately did not provide his employer his residential address because of the possibility it would conduct surveillance of his home, and out of fear his employer retaliating for whistleblower disclosures would send federal law enforcement agents to his house on trumped up allegations. Plaintiff installed security cameras around his home to watch the surroundings and his mailbox.

Plaintiff has also been active on social media. In response to a comment he made on Twitter, a radical activist going by *Mueller, She Wrote*, looked up Plaintiff's legal cases on PACER, which contained his contact information, and began sharing misinformation about his cases to her more than 600,000 followers, telling them to "do your thing" to Plaintiff. Plaintiff received hundreds of responsive comments calling him a sexual harasser, rapist, predator, pedophile, and threatening him with physical harm. Plaintiff began receiving a deluge of spam emails, texts, and advertisements to his court-disclosed UPS box address.

For the sake of Plaintiff's safety and that of his family, Plaintiff respectfully requests this Court permit Plaintiff to continue prosecuting his case under his current UPS address.

**LEGAL STANDARD**

In three cases in this district, courts gave plaintiffs 20 days to provide their full residential addresses or to file a motion for leave to use a post office address. *O'Connor v. Dep't of Hous. & Urban Dev.*, Civil Action 1:22-cv-01948 (UNA) (D.D.C. Oct. 28, 2022); *Manuel v. United States*, Civil Action 1:22-cv-03619 (UNA), at *1 (D.D.C. Dec. 27, 2022); *Berman v. Draper*, Civil Action 1:21-cv-01526 (UNA), at *1 (D.D.C. July 30, 2021). In two other cases, the courts provided plaintiffs 30 days to comply as above. *Sattler v. U.S. Dep't of Justice*, Civil Action No. 1:20-cv-00867 (UNA), at *1 (D.D.C. June 8, 2020); *Miller v. Dep't of Educ.*, Civil Action No.: 1:20-cv-

00516 (UNA), at *1 (D.D.C. Apr. 30, 2020). After another plaintiff responded to a similar order, the court granted leave to use a post office box. *Pena v. Yost*, Civil Action 22-cv-1037 (UNA), at *1 (D.D.C. Aug. 2, 2022).

In one case, the plaintiffs repeatedly failed to provide their residential addresses, and the court still did not dismiss the complaint, ordering the plaintiffs to either comply or move to seal. *Penkoski v. Bowser*, 548 F. Supp. 3d 12, 20 n.9 (D.D.C. 2021).

Leave to file pseudonymous complaints "is generally granted if the litigant makes a colorable argument in support of the request." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005); *Doe v. Teti*, Case: 1:15-mc-01380, at *2 (D.D.C. Oct. 19, 2015). In cases where a plaintiff provides any plausible, particularized risk of harm, the court will grant leave to use a post office box. *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 454 (D.D.C. 2015).

In all his legal cases, Plaintiff has proceeded under his own name. He has provided an extensive biography of himself in his complaints, including his federal job, work history, employer and duty locations, his military career, and his disabilities. His status as a federal employee is public information. Plaintiff proceeded under his residence address in numerous cases when he lived in San Francisco. Thus, Plaintiff has already informed the public of his identity to protect their legitimate interest in knowing all of the facts involved. *Chang v. Republic of S. Sudan*, 548 F. Supp. 3d 34, 37 (D.D.C. 2021).

**MEETING AND CONFERENCE**

On April 8, 2023, Plaintiff emailed opposing counsel to discuss the motion. On April 11, 2023, Defendants' counsel responded he will not oppose this motion.

**CONCLUSION**

For the foregoing reasons, Plaintiff moves this Court to permit him to continue to use his United Postal Service address as his address for this case.

Pursuant to 28 U.S.C. §1746, Plaintiff declares under penalty of perjury the foregoing is true and correct.

EXECUTED April 17, 2023.

-s- *[signature]*
Robert M. Miller, Ph.D.
*Pro se*