UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. MILLER,<br>      *Plaintiff,*<br>v.<br>MERRICK B. GARLAND, et al.,[1]<br>      *Defendants.* | Civ. Act. No: 1:22-cv-02579-CKK |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Robert M. Miller, *pro se,* submits this notice of supplemental authority to apprise this court of the United States Supreme Court's decision in *Bondi v. VanDerStok*, No. 23-852, slip op., 604 U.S. _____ (U.S., March 26, 2025) bearing on the agency rule ("the Rule") at issue in the instant case. Exhibit 1.

**SUMMARY OF THIS NOTICE**

The U.S. Supreme Court's decision upholding the Rule does not dispose of or moot any of Plaintiff's claims, which are raised on completely different facts and legal theories. There are only two points of intersection between Plaintiff's pleadings and the issues decided in *VanDerStok*, upon which the Supreme Court decided. The Supreme Court's decision narrowly applies to only two issues that were presented to it by the government and to the precise weapons parts kits and incomplete receivers considered in that case and substantially similar kits and receivers. While the

---

[1] Defendants' successors, AG Pamela Bondi and ATF Director Kash Patel, are automatically substituted as parties without a court order. Fed.R.Civ.P. 25(d).

1

Supreme Court rejected the facial challenge raised in *VanDerStok*, it explicitly stated that as-applied challenges might succeed.

## BACKGROUND

A. <u>**Summary of the VanDerStok Case[2]**</u>

Firearm manufacturers and others brought action against United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) under the Administrative Procedure Act (APA), contending that ATF's final rule defining the term "firearm" as including some partially complete, disassembled, or nonfunctional frames or receivers and weapon parts kits was facially inconsistent with the definition of "firearm" in the Gun Control Act of 1968 (GCA). The United States District Court for the Northern District of Texas, 680 F.Supp.3d 741, granted plaintiffs' motion for summary judgment and vacated the rule. Defendants appealed, and the United States Court of Appeals for the Fifth Circuit, 86 F.4th 179, affirmed in part, vacated in part, and remanded. Government's certiorari petition was granted. The Supreme Court held that:

1. Certain weapon parts kit, prior to assembly, constitute "weapons" within meaning of GCA's definition of "firearm";

2. The same weapon parts kit was capable of being readily converted to expel a projectile by action of an explosive;

3. ATF's rule treating certain weapon parts kits as "firearms" was not facially inconsistent with GCA's definition of "firearm";

4. ATF's rule treating partially complete frames and receivers as "firearms" was not facially inconsistent with GCA's definition of "firearm"; and

---

[2] Copied from *Westlaw*.

5. Certain partially complete frame constituted a "frame" within meaning of GCA's definition of "firearm."

### B. <u>VanDerStok in the District Court</u>

On August 11, 2022, *VanDerStok* challenged the same agency rulemaking as the instant case: *Definition of 'Frame or Receiver' and Identification of Firearms*, RIN 1140-AA54, 80 FR 24652 (April 26, 2022), amending the Code of Federal Regulations, Title 27, Parts 447, 478, and 479. See *VanDerStok, et al., v. Garland, et al.,* 4:22-cv-00691-O (N.D. Texas). The *Amended Petition for Review* in *VanDerStok* raised several counts of violations of the Administrative Procedure Act (APA) and several constitutional challenges. *Id.* at ECF 93. Exhibit 2.

Count I alleged that the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) exceeded its statutory jurisdiction and authority that is "not consistent with a statutory definition established by Congress." *Id.* at 41. This facial challenge was rejected by the U.S. Supreme Court, upholding the Rule.

Count II alleged that ATF failed to observe procedures required by law because it did not provide the public a meaningful opportunity to comment, and the final rule was not a logical outgrowth of the proposed rule. *Id*. at 43. No court ruled on this count.

Count III alleged that the Rule was arbitrary, capricious, and not in accordance with law because ATF failed to explain the reasons for its change from its prior regulatory position; and that it failed to consider important aspects of the problem and relevant comments and sources. *Id*. at 46. The district and circuit courts held in favor of plaintiffs on this count, overturned as indicated by the Supreme Court.

Count IV alleged that ATF violated the United States Constitution based on separation of powers and the Delegation Doctrine. *Id.* at 49. No court ruled on this count.

Count V alleged that ATF violated the "take care" clause of the United States Constitution. *Id.* at 51. No court ruled on this count.

Count VI alleged that the Rule was void for vagueness because "a person of ordinary intelligence could not determine from the statute or the rule itself whether various objects were regulated." *Id.* at 53. No court ruled on this count.

Count VII alleged that the Rule violated the First Amendment by regulating content-based speech targeting instructions, guides, and marketing materials and speaker-based speech. No court ruled on this count.

On June 30, 2023, the district court issued a *Memorandum Opinion & Order on Parties' Cross-Motions for Summary Judgment & Motions to Intervene* holding that firearm parts that may become receivers *are not receivers* and that a weapons parts kit is *not a firearm*. *VanDerStok*, 2023 WL 4539591 (N.D. Tex. June 30, 2023) and ECF 227. Exhibit 3.

On July 5, 2023, the district court issued Final Judgment granting the plaintiffs' and intervenor-plaintiffs' motions for summary judgment on grounds that the Final Rule was issued in excess of ATF's statutory jurisdiction (Counts I and III) and vacating the Rule in its entirety. ECF 231. Exhibit 4. The motion for summary judgment on the remaining claims was denied as moot. *Id*.

### C. <u>VanDerStok at the Fifth Circuit</u>

On November 9, 2023, a Fifth Circuit panel issued its opinion affirming the district court's decision "to the extent it holds unlawful the two challenged portions of the Final Rule." *VanDerStok, et al., v. Merrick Garland, et al.,* No. 23-10718 (5th Cir., Nov. 9, 2023), document no. 208-1 (vacated and remanded, in part, on other grounds). Exhibit 5.

The two challenged portions of the Rule were: (1) ATF's proposed definition of "frame or receiver" including incomplete frames and receivers; and (2) ATF's proposed definition of "firearm" including weapons parts kits. *Id.*

The Fifth Circuit noted that the government raised no arguments concerning *Chevron Deference*, and if it did, it likely would not apply because of the GCA's unambiguous text and its imposition of criminal penalties. *Id* at 11, n. 10.

### D. <u>VanDerStok at the Supreme Court</u>

On February 7, 2024, Defendants filed a petition for a writ of certiorari with two issues presented: (1) Whether "a weapon parts kit that is designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive," 27 C.F.R. 478.11, is a "firearm" regulated by the [Gun Control Act of 1968]; and (2) Whether "a partially complete, disassembled, or nonfunctional frame or receiver" that is "designed to or may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver," 27 C.F.R. 478.12(c), is a "frame or receiver" regulated by the [Gun Control Act of 1968].

On April 22, 2024, the U.S. Supreme Court granted a writ of certiorari on the issues presented, with oral arguments on October 8, 2024.

On March 26, 2025, the U.S. Supreme Court reversed and remanded the decision of the lower courts, holding that "The ATF's rule is not facially inconsistent with the GCA." *VanDerStok v. Bondi*, No. 23-852, slip op., 604 U.S. _____ (2025) at 2. The Court determined that the weapons parts kits under consideration, and *only* those parts kits or substantially similar kits, qualified as "weapons." *Id*. The ruling also held that the treatment of partially completed frames and receivers is also not facially invalid under §921(a)(3)(B) of the GCA. The Court rejected the rule of lenity and constitutional avoidance as they applied to that case. *Id*.

### E. **Distinctions from the Instant Case**

Unlike the instant case, *VanDerStok* did not allege that the Rule, the National Firearms Act of 1934 (NFA), and the Gun Control Act of 1968 (GCA) violated the U.S. Constitution, amend. II.

Nor did *VanDerStok* challenge the Rule for failures to conduct statutorily required economic, regulatory, and cost-benefit analysis; to identify a significant problem requiring regulation at the federal level, or to consider alternative regulatory approaches. *VanDerStok* did not allege that the agency's failure to fully measure costs deprived Congress of the opportunity to disapprove of the Rule under the Congressional Review Act (CRA). *VanDerStok* did not challenge any part of the Rule or the NFA/GCA under the U.S. Constitution, amend. IV, IX, or X, as Plaintiff did.

Nor did *VanDerStok* challenge the Rule's violation of a federal appropriations statute, the Small Business Regulatory Enforcement Fairness Act (SBREFA), or the Unfunded Mandates Reform Act (UMRA). *VanDerStok* did not challenge the rule under the Major Questions Doctrine.

The only parts of Plaintiff's *Second Amended Complaint* (SAC) that intersect with the amended complaint in *VanDerStok* are the paragraphs in Claim One stating that "The Rule failed to provide meaningful responses to public comments," ¶ 423, that "Defendants exceeded their

statutory authority by regulating potential gun and silencer parts that are not "firearms," ¶ 437, void for vagueness, ¶ 438, whether the Rule's definitions are permissible constructions of the statutes, ¶ 440, and that "Defendants exceeded their statutory authority in promulgating the Rule," ¶ 442.

Of those claims and assertions that the instant complaint and *VanDerStok* have in common, none of the courts in *VanDerStok* ruled on ATF's failure to respond to comments or void for vagueness, so those remain live issues in this case. Plaintiff's paragraphs 437 and 440 have been disposed of by the Supreme Court in that certain partially completed firearms and complete parts kits are "firearms" regulated by the GCA, yet Appellant's as-applied challenges remain valid. In the instant case, the question of whether ATF's definitions comport with the statutes and whether the agency exceeded its statutory authority are based on different grounds than *VanDerStok* that were not decided by the Supreme Court.

## CONCLUSION

ATF's Rule survived its challenge by *VanDerStok* on the issues ruled upon by the District, Circuit, and Supreme Courts. There are only two points of intersection between *VanDerStok* and the instant complaint: The Supreme Court held that certain parts kits and unfinished frames and receivers (but not necessary all of them) *are* weapons in the meaning of the GCA. Nothing else in the Supreme Court's decision moots this case or disposes of any of Plaintiff's claims.

EXECUTED April 3, 2025.

-s- _____
Robert M. Miller, Ph.D.
*Pro se*

7

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 3, 2025, a copy of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY was filed with this court and served on Defendants by CM/ECF on the following:

DANIEL RIESS
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov